*339
 
 Kinkade, J.
 

 The village of Garfield Heights by its council and officers enacted the necessary legislation and took all proper steps pertaining to the construction in said village of a double sewer, laid in the same excavation, one at the bottom for sanitary sewage and the other 18 inches above carrying storm water only. A contract was duly entered into by the village with a construction company for the completion of the improvement pursuant to plans and specifications which formed a part of the construction contract. The contractor, pursuant to Sections 2365-1, 2365-2, 2365-3 and 2365-4, General Code, gave a bond to the village signed by the contractor and an indemnity company, for the faithful performance of the contract. The amount of the undertaking, as provided by statute, was equal to 50 per cent, of the contract price. This undertaking was in terms, and by the law, made applicable to the payment of labor and material entering into the work. The contract called for payments to the contractor on estimates of the engineer as the work progressed. Pursuant to the provisions of the contract, the village paid to the contractor a total of $3,000 in round figures. The contractor failed financially, and abandoned the job. The sewer, when about two-thirds laid, was .found to be defective. A large part of the work done by the contractor had to be taken out at great expense, and reconstructed.
 

 When the contractor abandoned the work, the village called upon the indemnifying company to complete the contract. The village and the indemnifying company thereupon agreed that the village should finish the contract and charge the
 
 *340
 
 cost of so doing, over and above the balance of the contract price still in the hands of the village, to the indemnifying company np to the fnll penalty named in the bond. The village did complete the work, and its cost far exceeded the balance of the contract price in the hands of the village and the full sum due on the bond as well. When this situation appeared, the two plaintiffs in error insisted that their claims for material furnished which went into the improvement must be first paid in full before the village could reimburse itself to any extent out of the fund coming from the bonding company, or at least that the unpaid bills for material aforesaid must prorate with the claim of the village in applying the fund arising upon the bond.
 

 Several actions were commenced by the material-men against the village and the indemnifying company. All the actions were finally consolidated and heard together as one case. The trial court and- the Court of Appeals denied the claimed rights of the materialmen to participate to any extent in the fund arising upon the bond. The plaintiffs in error, the materialmen, prosecute error to this court.
 

 It is conceded that there is no statute giving plaintiffs in error the right to priority or to prorate with the village on the amount coming from the bond. There is no dispute about the fact that the proper expense of completing the contract exceeds the total balance of the contract price in the hands of the village supplemented by the full amount due on the bond. The bonding company stands ready to pay the full penalty of the bond
 
 *341
 
 to whomsoever it should go. The trial court and the Court of Appeals' held that it should go to the village.
 

 No notice was served on the village by the materialmen that their material was not paid for, with a view of having the village withhold payments from the contractor until all material theretofore delivered was paid for by the contractor. The materialmen, as well as the village, reposed confidence in the contractor that he would perform his contract according to its terms. The bond was secured by the village, and without doubt the contractor took into account the cost to him of the bond he knew he would be obliged to give, and included it in the sum total of his contract price which the village obligated itself to pay.
 

 Our attention has been called to some decisions by federal courts, which have held, under a statute similar to the provisions of Sections 2365-1 to 2365-4, General Code, that where a contractor defaults, and there is not sufficient money left, including the sum due on the bond, to complete the work, materialmen, subcontractors, and labor should prorate the sum due on the bond between them and the other party to the contract. Some of these decisions may have brought about the enactment of the federal statute we now have pertaining to federal public work (U. S. Comp. St., Section 6923), which requires the payment in full to the government before either, materialmen or labor can prorate the sum due on the bond as against the claim thereon of the government. This federal statute we think establishes the. correct rule that should be followed in the absence of any statute
 
 *342
 
 on the subject. To hold otherwise is to increase the contract price which the municipality agreed in writing it would pay for the completed work specified in the contract, and to insure the completion of which the municipality required and secured the execution of the bond. The bond and the power to limit payments as work progressed to the estimates by the city engineer of work completed at stated periods constituted the security of the village against default on the part of the contractor, and even with both of these safeguards operative in the instant case the village suffers a very substantial loss.
 

 The materialmen knew they could not perfect any lien upon the improvement in this case. They knew that in all contracts of this kind payments to the contractor on estimates of the engineer as the work progresses is the usual practice. They also knew that the law did not require the public officials to take a bond for more than 50 per cent, of the contract price.
 

 In view of the evidence, not in dispute in this case, the trial court was fully warranted in denying the plaintiffs in error the right to participate in the amount due on the bond, and the action of the Court of Appeals in affirming that judgment is correct.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Robinson, Jones and Matthias, JJ., concur.